NOT DESIGNATED FOR PUBLICATION

No. 115,000

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

INDY S. SWEATMON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed October 28, 2016. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Valerie Desroches*, legal intern, *Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

*Per Curiam*:  The district court revoked Indy S. Sweatmon's probation after finding she committed new offenses, absconded from supervision, and committed several other probation violations. We find the district court followed K.S.A. 2015 Supp. 22-3716(c)(8), and committed no abuse of discretion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Sweatmon pleaded guilty to one count of aggravated robbery. The district court granted her motion for a downward dispositional departure and sentenced her to 102

1

months' imprisonment with 36 months' postrelease supervision and then placed her on 36 months of supervised probation.

On May 26, 2013, the district court held a probation revocation hearing. Sweatmon waived her right to an evidentiary hearing and admitted to committing new offenses of simple battery, possession of drug paraphernalia, and resisting arrest. The district court also found Sweatmon violated her probation for: (1) failure to notify her probation officer of any change of employment within 24 hours; (2) failure to maintain full-time employment; (3) failure to complete a drug and alcohol evaluation and follow all recommendations as directed; (4) failure to pay court courts; (5) failure to follow all staff instructions; (6) failure to refrain from assaultive behavior; (6) failure to refrain from the use of drugs—she tested positive for cocaine and marijuana use on April 17, 2014; and (7) absconding from supervision.

The district court revoked Sweatmon's probation and ordered her to serve a reduced sentence of 96 months' imprisonment.

Sweatmon timely appeals.

ANALYSIS

*Did the district court abuse its discretion when it revoked Sweatmon's probation?*

On appeal, Sweatmon argues that the district court abused its discretion when it revoked her probation. Specifically, she argues that because of her issues with substance abuse, the district court's refusal to reinstate her probation was not appropriate to achieve the goals of the Kansas Sentencing Guidelines as stated in K.S.A. 2015 Supp. 21-6601.

2

K.S.A. 2015 Supp. 21-6601 states that defendants "shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities." Sweatmon argues that under the sentencing guidelines, each defendant is to be treated in accordance with their individual circumstances and her probation should have been reinstated after imposition of an intermediate sanction because she is an addict.

Once a violation of the terms of probation is established, probation revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Sweatmon bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Clearly, K.S.A. 2015 Supp. 22-3716(c)(8) provides a sentencing court may revoke probation without imposing intermediate sanctions if the offender commits a new offense or absconds from supervision while on probation.

Here, the district court found several violations including new offenses and absconding from supervision while on probation. Sweatmon's commission of new offenses, without considering her other violations, justifies the district court's revocation of her probation without the imposition of an intermediate sanction. Further, the record reflects the district court considered Sweatmon's individual circumstances, including her many probation violations. There was no abuse of discretion. We affirm.

Affirmed.

3